**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALICE CASANOVA, | |
| Plaintiff, | Civil Action No. 20-415 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| FEDEX GROUND PACKAGE SYSTEM, INC., et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon two motions. The first is Defendant Darrell Boyce's ("Mr. Boyce") Motion to Dismiss Plaintiff Alice Casanova's ("Plaintiff") Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 5.) Plaintiff opposed (ECF No. 16), and Defendant FedEx Ground Package System, Inc. ("FedEx") (collectively, with Mr. Boyce, "Defendants") replied (ECF No. 17). The second motion is Plaintiff's Motion to Remand. (ECF No. 7.) FedEx opposed (ECF No. 11), and Plaintiff replied (ECF No. 15). The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion to Remand is granted and Mr. Boyce's Motion to Dismiss is denied as moot.

I.      **BACKGROUND**

Plaintiff, a New Jersey resident, began working for FedEx, a Delaware corporation with its principal place of business in Pennsylvania, in 2017 in the company's hauling and shipping division. (Am. Compl. 1–2,[1] ECF No. 1-1; Notice of Removal ¶¶ 7–8, ECF No. 1.) Plaintiff alleges that during her time with FedEx, Mr. Boyce, a New Jersey resident, was one of her supervisors. (Am. Compl. 2.) In May or June 2017, Plaintiff alleges FedEx transferred Plaintiff to the position of "switcher," which came with increased responsibilities and hours. (*Id.* at 3.) Despite these increases, Plaintiff "did not receive the salary associated with the position of switcher, while the two male [switcher] employees did." (*Id.*) In the fall of 2017, Plaintiff alleges she voiced complaints about this pay discrepancy to Mr. Boyce and three FedEx managers. (*Id.*) Shortly after voicing these concerns, on or about January 26, 2018, Plaintiff was "wrongfully accused of instigating a fight," which lead to a suspension and her eventual termination. (*Id.* at 3, 7.)

On December 10, 2019, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County. (Compl. *6, ECF No. 1-1.) On December 17, 2019, Plaintiff filed an Amended Complaint. (*See generally* Am. Compl.) Plaintiff alleges four counts against Defendants and unknown individuals and corporate entities: Count One for gender discrimination under the New Jersey Law Against Discrimination ("NJ LAD"), N.J. Stat. Ann. §§ 10:5-1, *et seq.*, (*id.* at 4–5); Count Two for a violation of the New Jersey Equal Pay Act ("Equal Pay Act"), N.J. Stat. Ann. § 10:5-12(t), (*id.* at 5–7); Count Three for unlawful retaliation under the NJ LAD, (*id.* at 7–8); and Count Four for aiding and abetting under the NJ LAD, (*id.* at 9–10).

---

[1] Plaintiff's Amended Complaint is found as an attachment to Defendants' Notice of Removal, and spans from pages *47 through *58 of the ECF document's 83 pages. (ECF No. 1-1 (page numbers preceded by an asterisk refer to the page number on the ECF header).) The Court's citations to the Amended Complaint throughout this Opinion reflect this page range.

FedEx removed the action to this Court on January 13, 2020 pursuant to 28 U.S.C. § 1441, asserting subject matter jurisdiction existed based on diversity of citizenship under 28 U.S.C. § 1332 because Mr. Boyce was fraudulently joined. (Notice of Removal ¶¶ 15–19.) Mr. Boyce now moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, arguing that he was fraudulently joined to defeat diversity jurisdiction. (Mr. Boyce's Moving Br. 2, ECF No. 6.) Plaintiff moves to remand the instant matter to state court, asserting Mr. Boyce's joinder was proper and this Court does not have subject matter jurisdiction over this matter. (Pl.'s Moving Br. 1–2, ECF No. 7-1.) Plaintiff also seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c) for the costs incurred with FedEx's removal. (*Id.* at 3.)

## II.   LEGAL STANDARD

### A.   Subject Matter Jurisdiction

A defendant may remove a civil action to federal court if the federal court would have original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Where subject matter jurisdiction is based on diversity jurisdiction, each opposing party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000.[2] 28 U.S.C. § 1332(a); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer*, 913 F.2d at 111. Once the case has been removed, a district court may remand the

---

[2] Plaintiff's Amended Complaint does not plead a specific amount in damages sought. (*See generally* Am. Compl.) FedEx, however, notes Plaintiff's allegations can be read to indicate the amount in controversy exceeds $75,000, exclusive of interest and costs. (Notice of Removal ¶¶ 20–36.) Plaintiff does not challenge FedEx's assertion that the amount in controversy exceeds $75,000.

matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Removal under § 1441 is "strictly construed against removal." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). All doubts are to be resolved in favor of remand. *Id.* at 403.

### B.   Fraudulent Joinder

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, [a] diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. A defendant is fraudulently joined when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation marks and citation omitted). A claim is not colorable if it is "wholly insubstantial and frivolous." *Id.* at 852.

"Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Boyer*, 913 F.2d at 111 (internal quotation marks and citation omitted). In evaluating the alleged fraud, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed. *Batoff*, 977 F.2d at 851. The court must assume all well-pleaded factual allegations are true and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* at 852 (quoting *Boyer*, 913 F.2d at 111). A district court may look beyond the "pleading allegations to identify

4

indicia of fraudulent joinder," but "must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112).

## III.   DISCUSSION

### A.   Plaintiff's Motion to Remand

Because Plaintiff and Mr. Boyce are both New Jersey citizens, complete diversity does not exist. 28 U.S.C. § 1332. Defendants, therefore, must establish that Mr. Boyce was fraudulently joined.

Defendants argue that fraudulent joinder is present for the following reasons: (1) Count One for gender discrimination does not allege aiding and abetting; Mr. Boyce, therefore, as an individual employee, cannot be held liable under the NJ LAD, (Notice of Removal ¶¶ 43–44; Mr. Boyce's Moving Br. 2); (2) the Equal Pay Act in Count Two was enacted after Plaintiff was terminated and does not retroactively apply to the instant matter, (Notice of Removal ¶¶ 46–48; Mr. Boyce's Moving Br. 2–3); (3) Count Three for retaliation under the NJ LAD asserts only conclusory allegations against Mr. Boyce, (Notice of Removal ¶¶ 52–54; Mr. Boyce's Moving Br. 3); and (4) Plaintiff's allegations in Count Four for aiding and abetting under the NJ LAD "are wholly insufficient to support the claim" and "contain[] no factual allegation[s] from which [aiding and abetting] could be found" (Notice of Removal ¶¶ 57–60; *see also* Mr. Boyce's Moving Br. 3). Defendants' arguments are more properly raised upon a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Such arguments, however, "[are] more searching than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852 (noting that "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim"). Defendants' factual arguments, therefore, do not satisfy the heavy burden needed to establish fraudulent joinder.

Furthermore, FedEx's reliance on *Sussman v. Capital One, N.A.*, No. 13-6483, 2015 WL 164095, at *6 (D.N.J. Jan. 13, 2015), to demonstrate that "the facts in the Amended Complaint do not colorably support" an aiding and abetting claim is misplaced. In *Sussman*, an NJ LAD case alleging disability discrimination, the court found fraudulent joinder because "three of the four individual defendants . . . were not [the plaintiff's] supervisors." *Sussman v. Capital One, N.A.*, No. 14-1945, 2014 WL 5437079, at *6 (D.N.J. Oct. 24, 2014). Furthermore, for the one individual defendant that was a supervisor, the amended complaint only stated the supervisor was informed of the health condition at the center of the NJ LAD claim and the plaintiff's desire to return to work following medical leave. *Id.* "Giving [p]laintiff's allegations all credence, . . . [the court did] not find [p]laintiff's statements to even potentially create aiding and abetting liability." *Id.* Ultimately, the *Sussman* court held that the plaintiff "fail[ed] to even mention a single action [the supervisor] may have taken to create liability under the [NJ LAD] and instead, merely mention[ed] the [supervisor's] knowledge of [the plaintiff's] situation." *Id.*

Here, however, Plaintiff asserts that Mr. Boyce was her supervisor, and alleges specific actions taken by Mr. Boyce that create a colorable claim, such as listening to Plaintiff's complaints and subsequently retaliating against her. (Am. Compl. 2–3, 7.) Furthermore, Plaintiff alleges her complaints led to Plaintiff being "wrongfully accused of instigating a fight" and terminated. *(Id.* at 3, 7.) Defendants fail to show these allegations do not amount to colorable grounds to support an aiding and abetting claim against Mr. Boyce. *See, e.g., Freichs v. Lifestar Response Corp.*, No. 09-4460, 2009 WL 3754190, at *3 (D.N.J. Nov. 5, 2009) (noting that, although the plaintiff's complaint was sparse, it stated a colorable aiding and abetting claim by "implying that [the plaintiff] was either terminated on [the supervisor's] authority or [that the supervisor] was responsible for communicating with company decision-makers regarding [the plaintiff's]

disability and eventual firing"); *Mersmann v. Cont'l Airlines*, 335 F. Supp. 2d 544, 556 (D.N.J. 2004) (rejecting a fraudulent joinder argument in which supervisor was "alleged to be the person who investigated the accusations against [the plaintiff] and ultimately terminated her"). Although the Court agrees that Plaintiff "may have failed to state a cognizable claim against any [d]efendant under the federal pleading standard[s] . . . [,] the substantive merits of her claims are not at issue in the pending motion." *Freichs*, 2009 WL 3754190, at *2. Defendants, accordingly, fail to meet their heavy burden to show that Mr. Boyce is fraudulently joined.[3]

Furthermore, because this Court does not have subject matter jurisdiction to hear the instant matter, Mr. Boyce's Motion to Dismiss is denied as moot. *See Berckman v. United Parcel Service*, No. 07-5245, 2007 WL 4080372, at *2 n.1 (D.N.J. Nov. 14, 2007).

### B.    Plaintiff's Request for Attorneys' Fees

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award attorneys' fees "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court "has broad discretion and may be flexible in determining whether to require the payment of fees under [§] 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).

Although FedEx's removal of the action "reflects a misunderstanding of the strict standard for evaluating a claim of fraudulent joinder," *Cardillo v. Wal-Mart Stores, Inc.*, No. 14-2879, 2014

---

[3] Defendants also argue that the Equal Pay Act was enacted after Plaintiff's termination and, therefore, does not retroactively apply to instant matter. (Notice of Removal ¶¶ 46–48; Mr. Boyce's Moving Br. 2–3.) Because the Court does not reach the merits of Plaintiff's claims, this issue is left to the New Jersey Superior Court upon remand.

WL 7182525, at *3 (D.N.J. Dec. 16, 2014), the Court finds that FedEx's removal was not objectively unreasonable. The Court, therefore, denies Plaintiff's request for attorneys' fees.

## IV.  CONCLUSION

For the reasons set forth above, the Court remands the matter to the Superior Court of New Jersey. Plaintiff's request for attorneys' fees is denied, and Mr. Boyce's Motion to Dismiss is denied as moot. The Court will enter an Order consistent with this Memorandum Opinion.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE